STATE OF HAWAII, Plaintiff-Appellee, *v.* ALEXANDER DONALD MILHO, Defendant-Appellant

NO. 6919

JUNE 26, 1979

RICHARDSON, C.J., OGATA AND MENOR, JJ., AND RETIRED JUSTICES MARUMOTO AND KOBAYASHI, ASSIGNED BY REASON OF VACANCIES

*Per Curiam*. After a jury trial in the First Circuit Court, defendant Alexander Donald Milho was convicted for the murder of one Claudia Mae Wong.

On this appeal, defendant urges upon this court that the circuit court erred in denying his motion to suppress, and subsequently admitting, evidence seized in a search of his automobile.

The evidence in question consisted of an analysis of blood samples recovered from the outside of defendant's automobile, which disclosed that the blood was type O, the same as the blood type of decedent.

It is defendant's contention that the evidence was illegally obtained pursuant to a defective search warrant.

Here, we need not consider the validity of the search warrant. The case involves the "open view" doctrine, which is stated in *State v. Kaaheena*, 59 Haw. 23, 28-29, 575 P.2d 462, 467 (1978), as follows:

> In the "open view" situation, . . . the observation takes place from a non-intrusive vantage point. The governmental agent is either on the outside looking outside or on the outside looking inside to that which is knowingly exposed to the public. . . . The object under observation is not subject to any reasonable expectation of privacy and the observation is not within the scope of the constitution.

In this case, defendant parked his automobile on a public street in front of the police station, where the police officer, who was investigating the case, noticed black or freckle looking spots around the hub cap area of the left front wheel, and red spots on the outside of the window on the driver's side, of the parked automobile. A benzidine test of the spots, to check the presence of blood, showed that the spots were positive for

blood. Thereafter, the spots were scraped, and the analysis thereof disclosed the result stated above.

Thus, this case presents a situation where the police officer was on the outside looking outside of defendant's automobile from a non-intrusive vantage point.

Pertinent also to this case is the following statement in *Chambers v. Maroney*, 399 U.S. 42, 52 (1970):

> For constitutional purposes, we see no difference between on the one hand seizing and holding a car before presenting the probable cause issue to a magistrate and on the other hand carrying out an immediate search without a warrant. Given probable cause to search, either course is reasonable under the Fourth Amendment.

The blood samples in this case were purported to be taken pursuant to a search warrant. But, under the statement quoted above, a search warrant was not necessary because the observation of the black or freckle looking spots, and red spots, on the outside of defendant's automobile authorized the officer to carry out a search without a warrant.

Defendant also urges upon this court that the circuit court erred in denying his motion to suppress confession, and permitting the jury to consider the statement made by him to the police on the third day of its investigation regarding the death of Claudia Mae Wong.

The contention here is that, although defendant made that statement to the police after he received the warning required under *Miranda v. Arizona*, 384 U.S. 436 (1966), the statement was nevertheless illegally obtained because it was the fruit of the statements made on two previous days, when no *Miranda* warning was given. The answer to the contention is that defendant's statements on the two previous days were not made in a custodial setting. This court stated in *State v. Pahio*, 58 Haw. 323, 327, 568 P.2d 1200, 1204 (1977):

> . . . *Miranda* fails to restrict the prosecution's use of evidence if it did not result from custodial interrogation.

Defendant has raised several other points. We have carefully considered each of them, and find the same to be without merit.

Affirmed.

*Richard C. F. Chun (Lloyd Van De Car* and *Joanne M. Lanham* on the briefs), Deputy Public Defenders, for defendant-appellant.

*Archibald C. K. Kaolulo,* Deputy Prosecuting Attorney, for plaintiff-appellee.